## PETITION UNDER 28 USC § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions — Read Carefully*

04-12017-EFH

Referred to Ch MJ MBBowler

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under the penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $ _____, you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District 1st Massachusetts District |
|---|---|

| Name Frankie James Garner | Prisoner No. W-66262 | Case No. 98-269-271 |
|---|---|---|

Place of Confinement: Souza-Baranowski Correctional Center, PO Box 8000, Shirley, MA 01464

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Frankie James Garner | V. Commonwealth of Massachusetts Department of Correction |

The Attorney General of the State of: Massachusetts: Thomas O'Reilly

04-12017 EFH

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  Hampden County Superior Court, Springfield, Mass.

2. Date of judgment of conviction  March 24, 1999

3. Length of sentence  15-years-to-Life

4. Nature of offense involved (all counts)  Murder (G.L. c. 269 §1); Unlawful Possession of a Firearm (G.L. c. 269, §10(a)); Unlawful possession of a firearm or ammunition w/o I.D. card (G.L. c. 269, §10(h))

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐

(2)

ev. 5/85)

u did appeal, answer the following:

Name of court __Massachusetts Appeals Court__

Result __Conviction(s) AFFIRMED__

Date of result and citation, if known __September 19, 2001__

Grounds raised __(1) Unlawful possession of a firearm as the felony-murder predicate; (2) sufficiency of evidence of felony-murder; (Continued on attached Pg 3(a) ¶9(d))__

If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court __Massachusetts Supreme Judicial Court__

(2) Result __Conviction(s) AFFIRMED: Further Review DENIED__

(3) Date of result and citation, if known __October 9, 2003__

(4) Grounds raised __Appeals Court erred when it ruled: (1) that there was sufficient evidence to support the underlying felony; (Continued on attached pg 3(a) ¶9(e,4))__

If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each t appeal:

(1) Name of court __N/A__

(2) Result __N/A__

(3) Date of result and citation, if known __N/A__

(4) Grounds raised __N/A__

r than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, a tions with respect to this judgment in any court, state or federal?

☒        No ☐

ur answer to 10 was "yes," give the following information:

1) Name of court __Hampden County Superior Court__

2) Nature of proceeding __Rule 25(b)(2) Motion For New Trial To Revise and Revoke__

3) Grounds raised __(1) Second sentence sufficiency of evidence; (2) Instructions on felony-murder based on joint venture of a firearm was erroneous and unwarranted;__

(3)

Attachment

**9 (d) Grounds raised:**
    **Continued:** (3) specification of the commonwealth's theory of proof of murder; (4) jury instructions on joint venture and self-defense; (5) warrantless entry and patfrisk; (6) statements made at the police station

**9(e)(4) Grounds raised:**
    **Continued:** (2) the homicide occurred in the course of the underlying felony; and (3) the Commonwealth should have been estopped from requesting and arguing felony murder.

3(a)

    (3) integrity and credibility of Commonwealth's evidence was highly suspect;

    (4) shifting theories of murder; (5) and denial of defendant's efforts to discover, prepare, and know the precise nature of accusations against him.

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☒    No ☐

    (5) Result __New Trial DENIED__

    (6) Date of result __May 25, 1999__

(b) As to any second petition, application or motion give the same information:

    (1) Name of court __N/A__

    (2) Nature of proceeding __N/A__

    (3) Grounds raised __N/A__

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☐

    (5) Result __N/A__

    (6) Date of result __N/A__

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☒    No ☐
    (2) Second petition, etc.    Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    __N/A__

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A.  Ground one: __Evidence was insufficient to convict the defendant of Murder on a joint-venture felony-murder theory__

Supporting FACTS (state *briefly* without citing cases or law) __There was insufficient evidence to have established the homicide occurred in the course of a felonious enterprise; the felony was inherently dangerous to human life or committed with conscious disrespect on the part of the defendant for the risk to human life. The death was the natural and probable consequence of the felony, and the felony was sufficiently independent of the homicide.__

(Continued on pg 5(a) at Para. 12(A))

B.  Ground two: __The Court erred in charging the jury on felony-murder__

Supporting FACTS (state *briefly* without citing cases or law) __The Commonwealth should have been estopped from requesting and arguing felony murder when it told the Court: "There is some suggestion, Your Honor in the evidence that at some point a chain was snatched off the victim's neck, but that's the only evidence along with the shooting that happens at about the same time, and that's the evidence that I am aware of. That's the evidence I've given Mr. Nagle and I know no more".__ (Continued on pg 5(a) at Para. 12(B))

(5)

Attachment

12(A)  **Ground One:**
**Continued:**   No evidence was presented that the killing occurred during the commission of joint venture to smuggling the firearm into the club and the shooting. The possession of an unlicensed firearm was not inherently dangerous and performed with a conscious disregard for human life. It is also unclear from the evidence if the jury convicted the defendant for the possession of a firearm at the moment of the shooting. If it did so, the underlying felony was insufficiently distinct from the killing. Finally, there was no evidence presented as to the purpose for which the defendant was in possession of the firearm and no evidence that he intended to use the firearm to commit a crime.

12(B)  **Ground Two:**
**Continued:**   However, at the close of the Commonwealth's case, it then sought to pursue a second degree felony murder with the underlying felony of unlawful possession of a firearm. Thus given the change in theories at the close of the evidence denied the defendant of due process and fair trial. Whereas the defendant had a Constitutional Right to prepare a defense in order to prevent being taken by surprise. Moreover, the charge conflicted with the charge of self-defense and further reduced the Commonwealth's burden of proof.

C.  Ground three: ~~Trial Court committed reversible error when it admitted evidence~~ obtained as the result of an improper warrantless search.

Supporting FACTS (state *briefly* without citing cases or law) Approximately 15 minutes after the homicide, police had barged into a private residence, guns drawn, searching for evidence without a warrant. The defendant had bullets on his person, which the police seized. Also, he was interrogated without Miranda warnings to which he allegedly made certain statements. However, the Court's own findings established conclusively that there was no probable cause for this home invasion by police. To admit this evidence of unlawful search was in error.

D.  Ground four: Defendant's statement made at police station should have been suppressed.

Supporting FACTS (state *briefly* without citing cases or law) Although the Court properly suppressed the first statement, it failed to suppress the more detailed statement(s) given later at the police station. additionally, there was insufficient evidence to establish the voluntariness of the defendant's statement beyond a reasonable doubt.

Grounds Fice & Six w/supporting facts on Pg 6(a) ¶¶ 12(E) & 12(F)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: 

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing  Terrance Nagle, 175 State Street, Suite 302, Springfield, MA  01103

    (b) At arraignment and plea  Same as above

(6)

Attachment

12(E)  **Ground Five:**
       **Continued:**   The Court erred by refusing to admit an "excited utterance" counsel sought to elicit during cross-examination. During the cross-examination of a witness, defense counsel sought to introduce evidence that one witness told another witness that the victim shot first. The Court would not allow the testimony. The statement was also admissible to impeach the witness who had made the statement. Thus, the limitation on cross-examination was error, as it did impair the defendant's right to confrontation.

12(F)  **Ground Six:**
       **Continued:**   Joint venture aspect of the carrying charge was supported by an unduly suggestive identification of a weapon. The Commonwealth's witness indicated several times that she was not sure whether the firearm in evidence was the one she had seen the night in question. Each time she was asked an open-ended question she expressed her uncertainty. She testified that the firearm that she received from the defendant the morning of the 25th was "big", but she could not recall what color it was. She was also unable to state whether the firearm she saw in the defendant's possession was the same as the firearm she brought into the club that night of the murder. This evidence was insufficient to prove that was the weapon used the night of the killing by the joint venturers.

AO 241 (Rev. 5/85)

(c) At trial __Same as above__

(d) At sentencing __Same as above__

(e) On appeal __Robert S. Sinsheimer, 4 Longfellow Place, Suite 3506, Boston, MA 02114__

(f) In any post-conviction proceeding __Terrance Nagle, 175 State Strett, Suite 302, Springfield, MA 01103__

(g) On appeal from any adverse ruling in a post-conviction proceeding __Robert S. Sinsheimer, 4 Longfellow Place, Suite 3506, Boston, MA 02114__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: __N/A__

(b) Give date and length of the above sentence: __N/A__

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__8-30-04__
(date)

_Frankie Larner_
Signature of Petitioner

(7)