UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANKIE JAMES GARNER )
)
Petitioner, )
)
v. ) Civil Action No. 04-12017-EFH
)
LOIS RUSSO, )
)
Respondent. )

# MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondent, Lois Russo, respectfully submits this motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Frankie James Garner, on the grounds that the petition fails to state a claim upon which relief may be granted.[1] As grounds for this motion, and as set forth more fully herein, the petition for a writ of habeas corpus may not be granted because the petitioner has failed to exhaust the claims stated in his petition for a writ of habeas corpus, i.e., he has failed to present his claims to the state's highest court before bringing them in federal court. Specifically, the petitioner never presented either the factual or legal (i.e., constitutional) basis of four of the six claims he now advances to the Massachusetts Supreme Judicial Court. Because the petitioner

---

[1] In the event that this Court declines to dismiss the petition on the grounds set forth in this memorandum, the respondent reserved the right, and requests the opportunity, to address the merits of the claim in this petition.

has not yet provided the state's highest court with the first opportunity to pass on the merits of these claims, the petition should be dismissed. 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

## BACKGROUND

### Prior Proceedings

On March 24, 1999, following a trial in the Hampden County Superior Court, the petitioner was found guilty of murder in the second degree. *See* Docket Sheet for Hampden County Superior Court Criminal Action No. 1998-00269, contained in Supplemental Answer, filed herewith (hereinafter cited as "Supp. Ans.") as Exhibit 1; *see also* Brief for the Defendant/Appellant, *Commonwealth v. Frankie James Garner*, Massachusetts Appeals Court No. 2001, Supp. Ans., Exhibit 3. At the same time, the petitioner was also convicted of unlawful possession of a firearm and possession of ammunition. *See* Docket Sheet, Supp. Ans., Exhibit 1. The petitioner was sentenced to life imprisonment for murder, two to three and one-half years for the firearm possession, and one year (concurrent) on the ammunition charge. *See id.*

On March 29, 1999, the petitioner filed a motion for a new trial. *See* Docket Sheet, Supp. Ans., Exhibit 1. A hearing was held on the motion on May 25, 1999, and the motion was denied on June 30, 1999. *See id.; see also* Memorandum of Decision on Defendant's Motion for New Trial Pursuant to Rule 25(b)(2), Second Sentence, Supp. Ans., Exhibit 2.

On July 12, 1999, the petitioner filed a Notice of Appeal in Superior Court, and the petitioner's direct appeal was filed in the Massachusetts Appeals Court on January 17, 2001. *See* Docket Sheet, Supp. Ans., Ex. 1. The Appeals Court affirmed the petitioner's conviction on September 19, 2003. *See Commonwealth v. Frankie James Garner*, 59 Mass. App. Ct. 350

(2003), Supp. Ans. Ex. 5. The petitioner filed an application for further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"). *See* Supp. Ans., Ex. 6.

As grounds for his ALOFAR, the petitioner argued that the lower courts had erred when they ruled (a) that there was sufficient evidence to support a finding that the felony underlying the felony-murder theory of conviction was performed with conscious disregard for human life; (b) that the homicide occurred in the course of the underlying felony; and (c) that the Commonwealth was not estopped from requesting a charge on and arguing the felony-murder theory. *See* Supp. Ans., Ex. 6, pp. 11-20.

The SJC denied the petitioner's motion for further appellate review on November 25, 2003. *See Commonwealth v. Frankie James Garner,* 440 Mass. 1107 (2003)(table), Supp. Ans., Ex. 8.

## The Instant Federal Habeas Petition

The petitioner filed the instant motion for a writ of habeas corpus on September 10, 2004. As grounds for his petition, the petitioner claims that (a) the evidence was insufficient to convict him of murder on a joint-venture felony-murder theory; (b) the court erred in charging the jury on felony murder; (c) the trial court committed reversible error when it admitted evidence obtained as the result of an allegedly improper warrantless search; (d) his statement made at the police station should have been suppressed; (e) the trial court erred in refusing to admit an "excited utterance" from a witness at trial; and (f) there was an unduly suggestive identification of a weapon related to his conviction on the joint venture theory. *See* Petition, ¶ 12(A-F). The claims regarding the claimed errors in admitting the evidence from the allegedly improper search, the failure to suppress the petitioner's statement, the refusal to admit the "excited utterance," and

3

the allegedly unduly suggestive identification of the weapon were never presented to the SJC.

## ARGUMENT

A.  **Standard**

The instant habeas petition should be denied because the petitioner has failed to exhaust his state court remedies. It is well established that "a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted." *Mele v. Fitchburg District Court,* 850 F.2d 817, 819 (1st Cir. 1988), *quoting United States ex rel. Kennedy v. Tyler,* 269 U.S. 13, 17 (1925). *See also Rose v. Lundy,* 455 U.S. 509, 518-19 (1982); *Adelson v. DiPaola,* 131 F.3d 259, 261-62 (1st Cir. 1997); *Dougan v. Ponte,* 727 F.2d 199, 202 (1st Cir. 1984); 28 U.S.C. § 2254(b)(1)(A). The longstanding exhaustion requirement[2], in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose,* 455 U.S. at 518. *See also Duncan v. Henry,* 513 U.S. 364, 365-66 (1995); *Ex parte Royall,* 117 U.S. 241, 251 (1886)(state and federal courts are "equally bound to guard and protect rights secured by the Constitution"); *Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied,* 513 U.S. 1129 (1995); *Duckworth v. Serrano,* 454 U.S. 1, 3 (1984); *Mele,* 850 F.2d at 819.

It is the petitioner's heavy burden to demonstrate that his any federal errors in the state

---

[2] The exhaustion requirement is codified at 28 U.S.C. §§ 2254(b) and (c), which preclude federal habeas review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). *See also Mele v. Fitchburg Dist. Ct.,* 850 F.2d 817, 819 (1st Cir. 1988).

4

court proceedings were fairly presented to the state's highest court. *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989). In order to present a claim sufficiently for exhaustion purposes, "a petitioner must inform the state court of *both* the factual and legal underpinnings of the claim." *Scarpa*, 38 F.3d at 6 (emphasis added). The theory that the petitioner advances in his habeas petition must be the same as that relied upon in his presentation to the highest state court. *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987).

Moreover, every claim in a federal habeas petition must have been exhausted. *Rose*, 455 U.S. at 518-19. If a petition is "mixed" -- that is, contains both exhausted and unexhausted claims, it must be dismissed. *Id.*

**B.  The Petitioner Cannot State an Actionable Claim for a Writ of Habeas Corpus, Since He Has Not First Presented the Several of His Claims to the Massachusetts Supreme Judicial Court.**

The petitioner has failed to bring four of the six claims he now asserts before the SJC before bringing them to this federal court for review. These claims -- namely, the claims regarding the alleged errors in admitting the evidence from the allegedly improper search, the failure to suppress the petitioner's statement, the refusal to admit the "excited utterance," and the allegedly unduly suggestive identification of the weapon (Grounds Three through Six) -- were not in the petitioner's ALOFAR, and thus the SJC never had the opportunity to pass on any alleged constitutional violation presented by these claims. Accordingly, the claims are not exhausted and the petition must be dismissed.

To satisfy the exhaustion requirement, "the petitioner must have fairly presented the substance of his federal habeas claim to the state court before seeking federal habeas review." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988), quoting *Gagne v. Fair*, 835 F.2d 6, 8 (1st
5

Cir. 1987). *Accord Dougan*, 727 F.2d at 200. Exhaustion requires the petitioner to "fairly present . . . the issue" to "the state's highest tribunal." *Mele*, 850 F.2d at 820. In Massachusetts, "an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the ALOFAR." *Mele*, 850 F.2d at 823.

Because the petitioner never presented four of the six grounds of his habeas petition to the SJC, the petition contains both exhausted and unexhausted claims, and is thus a "mixed" petition. *See Rose*, 455 U.S. at 518-19. The Supreme Court has clearly held that a federal habeas petitioner may not proceed on a "mixed" petition which contains unexhausted claims. *See id.* Since the petition before this Court contains claims which have never been brought to the SJC and which are not, therefore, exhausted, this petition must be dismissed. *See Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)("[F]ederal habeas oversight is not a freewheeling construct. It is dependent, among other things, upon all the claims asserted in the petition having been exhausted in the state courts"). *See also Rose*, 455 U.S. at 510, 518-19; *Picard*, 404 U.S. at 275 ("It would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation")(quoting *Darr v. Buford*, 339 U.S. 200, 204 (1950)).

## CONCLUSION

For the foregoing reasons, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that it contains unexhausted claims.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

_/s/ Maura D. McLaughlin_
Maura D. McLaughlin
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2857
BBO No. 634923

Dated: November 16, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2004, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon the *pro se* petitioner, Frankie James Garner, Souza Baranowski Correctional Center, P.O. Box 8000, Shirley, Massachusetts 01464.

_/s/ Maura D. McLaughlin_
Maura D. McLaughlin

7