UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANKIE JAMES GARNER )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>LOIS RUSSO, )<br>)<br>Respondent. )<br>) | Civil Action No. 04-12017-EFH |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the respondent, Lois Russo, through counsel, answers the numbered paragraphs of the petition for a writ of habeas corpus as follows:

1. Admitted.

2. Admitted.

3. The respondent denies the allegations contained in paragraph 3 of the petition, and states that the petitioner was sentenced to life imprisonment. *See* Docket Sheet in Hampden County Superior Court Criminal Action Nos. 1998-00269-271, attached to the Supplemental Answer, filed herewith, as Exhibit 1.

4. The respondent denies the allegations contained in paragraph 4 of the petition, and states that the petitioner was convicted of murder in the second degree (M.G.L. ch. 265, § 2); possession of a firearm without an F.I.D. card (M.G.L. ch. 269, § 10(a)); and unlawful possession of a firearm (M.G.L. ch. 269, § 10(h)).

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a-b). Admitted.

9(c). Denied. Further answering, the date of the Appeals Court's decision in this matter was September 19, 2003, and the citation was *Commonwealth v. Frankie James Garner*, 59 Mass. App. Ct. 350 (2003).

9(d). The respondent is without sufficient knowledge or information to permit her to either admit or deny the allegations contained in paragraph 9(d), as paragraph 9(d) is currently drafted. Further answering, the respondent states that the grounds raised by the petitioner in his brief to the Massachusetts Appeals Court were claims that: (1) the evidence was insufficient to convict the petitioner of murder on a joint venture felony murder theory; (2) the trial court erred in charging the jury on felony murder; (3) the trial court committed reversible error when it admitted evidence obtained as the result of an improper warrantless search; (4) the petitioner's statement made at the police station should have been suppressed; (5) the court erred by refusing to admit an "excited utterance" which petitioner's counsel sought to elicit during cross-examination; and (6) the joint venture aspect of the carrying charge was supported by an unduly suggestive identification of a weapon.

9(e)(1-2). Admitted.

9(e)(3). The respondent denies the allegations contained in paragraph 9(e)(3) of the petition. Further answering, the respondent states that the date of the SJC's decision was November 25, 2003, and the citation to the decision is *Commonwealth v. Frankie James Garner,* 440 Mass. 1107 (2003)(table).

9(e)(4). Admitted.

9(f).  Left blank by the petitioner.

10.  Admitted.

11(a)(1). Admitted.

11(a)(2). The respondent denies the allegations contained in paragraph 11(a)(2) of the petition, and states that the proceeding was a "Motion for New Trial Pursuant to Rule 25(b)(2), Second Sentence."

11(a)(3). The respondent is without sufficient knowledge or information to permit her to either admit or deny the allegations contained in paragraph 11(a)(3) of the petition.

11(a)(4-5). Admitted.

11(a)(6). The respondent denies the allegations contained in paragraph 11(a)(6), and states that the date of the decision denying the motion for a new trial was June 30, 1999.

12(A-E). The respondent denies each and every allegation of fact contained in paragraphs 12(A-E) of the petition for writ of habeas corpus. To the extent that paragraphs 12(A-E) of the petition contain conclusions of law, they require no response. Further answering, the respondent states that paragraphs 12(A-E) fail to state a

claim upon which relief may be granted and that the petitioner has failed to exhaust the claims stated therein.

13. Left blank by the petitioner.

14. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the petition for writ of habeas corpus and calls upon the petitioner to prove same.

15. Admitted.

16. Admitted.

17. The respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the petition for writ of habeas corpus and calls upon the petitioner to prove same.

AS A FURTHER ANSWER to the petition for a writ of habeas corpus, the respondent files herewith a Supplemental Answer, which will contain copies of the following documents:

1. Docket Sheet, *Commonwealth v. Frankie James Garner*, Hampden County Superior Court Criminal Action Nos. 1998-0269-271;

2. Memorandum of Decision on Defendant's Motion for New Trial Pursuant to Rule 25(b)(2) Second Sentence, *Commonwealth v. Frankie James Garner*, Hampden County Superior Court Criminal Action Nos. 1998-0269-271;

3. Brief for the Defendant/Appellant, *Commonwealth v. Frankie James Garner*, Massachusetts Appeals Court No. 2001-P-28;

4. Brief and Appendix for the Commonwealth, *Commonwealth v. Frankie James Garner*, Massachusetts Appeals Court No. 2001-P-28;

...

5. *Commonwealth v. Frankie James Garner*, 59 Mass. App. Ct. 350 (2003);

6. Defendant's Application for Leave to Obtain Further Appellate Review, *Commonwealth v. Frankie James Garner*, Massachusetts Supreme Judicial Court No. FAR-13697;

7. Commonwealth's Opposition to Defendant's Application for Further Appellate Review, *Commonwealth v. Frankie James Garner*, Massachusetts Supreme Judicial Court No. FAR- 13697;

8. *Commonwealth v. Frankie James Garner*, 440 Mass. 1107 (2003).

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The petition fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The petition should be dismissed since it contains claims which were not presented to the Massachusetts Supreme Judicial Court, and which were, therefore, not exhausted in the state court.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

*Maura D. McLaughlin*
Maura D. McLaughlin (BBO #634923)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2857

Dated: November 16, 2004

## Certificate of Service

I hereby certify that on November 16, 2004, I caused a copy of the above document to be served by first-class mail, postage prepaid, upon the *pro se* petitioner, Frankie James Garner, Souza Baranowski Correctional Center, P.O. Box 8000, Shirley, Massachusetts 01464.

*Maura D. McLaughlin*
Maura D. McLaughlin