UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Frankie J. Garner, pro se
    Petitioner,

vs.

Civil Action
No. 04-12017-EFH

Lois Russo
    Respondent.

PETITIONER'S MOTION FOR LEAVE TO HAVE
COURT RECONSIDER ITS ORDER OF DISMISSAL

Now comes the Petitioner, pro se, moves this Honorable Court for Leave to Reconsider its Order of Dismissal, in the alternative enter his Notice of Appeal.

Reasons thereof, Petitioner's states:

1. The four claims referred to by the Court as having not been exhausted, did not warrant the harsh sanction of dismissal.

2. "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982), citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491 (1973).

3. Whereby, the Petitoiner has presented exhausted and unexhausted claims, his petition is considered one of a "mixed" petition. See Neverson v. Farquharson, 366 F.3d 32, 42 (1st cir. 2004).

1

4. In light of the interplay between Rose and AEDPA's statute of limitations, many courts, the First CIrcuit included, have adopted so-called "stay and abeyance" procedures. See, e.g., Nowaczyk v. Warden, 299 F.3d 69 (1st cir. 2002). See also Pliler v. Ford, 542 U.S.___, 124 S.Ct. 2441, 2004 WL 1373174 (2004).

5. Hence, a stay of the exhausted claims and the opportunity to exhaust the unexhausted claims would have been appropriate, juxtapose to dismissal.

Wherefore, Petitioner request this motion is ALLOWED. In the alternative, enter his Notice of Appeal.


Respectfully submitted,
By the Petitioner


Frankie J. Garner, pro se
S.B.C.C.
P.O. Box 8000
Shirley, MA 01464

Dated:


CERTIFICATE OF SERVICE

I, hereby certify that I have caused the foregoing MOTION FOR LEAVE TO RECONSIDER AND NOTICE OF APPEAL to be served upon the Court and Assistant Attorney General's Office, on this _6_ day of January, 2005.


Frankie J. Garner, pro se

2