# MANDATE
# United States Court of Appeals
## For the First Circuit

No. 05-1084

FRANKIE J. GARNER,

Petitioner, Appellant,

v.

LOIS RUSSO, SUPERINTENDENT,
SOUZA-BARANOWSKI CORRECTIONAL CENTER,

Respondent, Appellee.

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

JUDGMENT

Entered: October 4, 2006

Frankie James Garner appeals the dismissal of his petition filed under 28 U.S.C. § 2254, which contained both exhausted and unexhausted claims for relief, as well as the denial of his motion to stay the petition and hold it in abeyance pending exhaustion of his claims in state court. We granted a certificate of appealability to review the procedural issues presented by the district court's dismissal of the mixed petition--specifically, whether the district court erred in denying petitioner's request for stay and abeyance or in dismissing the petition without specifying that the dismissal was without prejudice and without first offering petitioner the option to withdraw the unexhausted claims and proceed on the exhausted ones.

We review the district court's denial of petitioner's request to follow the stay-and-abeyance procedure for abuse of discretion, see Rhines v. Weber, 544 U.S. 269, 277-78 (2005), but "[w]e review de novo the denial of a habeas application on procedural grounds." Rodriguez v. Spencer, 412 F.3d 29, 32 (1st Cir. 2005), cert.

denied, 126 S.Ct. 1151 (2006) (citing Voravongsa v. Wall, 349 F.3d 1, 3-4 (1st Cir. 2003)).

We have previously endorsed the stay-and-abeyance procedure, under which, instead of dismissing a mixed petition pursuant to Rose v. Lundy, 455 U.S. 509, 518-19 (1982), a district court stays the petition and holds it in abeyance to allow the petitioner to return to state court to exhaust his previously unexhausted claims. See Neverson v. Farquharson, 366 F.3d 32, 42-43 (1st Cir. 2004); Nowaczyk v. Warden, 299 F.3d 69, 79 (1st Cir. 2002).  More recently, in Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court restricted the availability of the procedure, holding that it should be employed "only in limited circumstances"--i.e., where the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court, the unexhausted claims are not plainly meritless, and there is no indication that petitioner "engaged in intentionally dilatory litigation tactics." Id. at 278.  Here, since petitioner did not offer any explanation for his failure to exhaust and, at the time of dismissal, still had more than two months remaining in the one-year limitations period in which to attempt to exhaust his claims, the district court did not abuse its discretion in declining to follow the stay-and-abeyance procedure.

We next consider whether the district court erred in failing to affirmatively offer petitioner an opportunity to withdraw his unexhausted claims and proceed on the exhausted ones before dismissing the petition, or in failing to specify that the dismissal was without prejudice to refiling a petition containing only exhausted claims.

In Rhines, the Court held that "the [district] court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."  Rhines, 544 U.S. at 278.  Although the Ninth Circuit has interpreted this language to mean that district courts must affirmatively give pro se petitioners a choice of paths to pursue, see Jefferson v. Budge, 419 F.3d 1013, 1014 (9th Cir. 2005)("[W]e hold today that it is error for a district court to dismiss a mixed habeas petition without first offering the petitioner the options provided in Rose v. Lundy, 455 U.S. 509 (1982)"), the Supreme Court's decision in Pliler v. Ford, 542 U.S. 225 (2004), issued less than a year before Rhines, would seem to militate against an expansive view of the district court's affirmative duty to advise petitioner in the circumstances of the present case.  In Pliler, the Supreme Court held that it was error to require the district court to give two "specific advisements as to the availability and wisdom of [the Rose] options." 542 U.S. at 233.  In so holding, the Court stressed that "[d]istrict judges

have no obligation to act as counsel or paralegal to pro se litigants," and that "[e]xplaining the details of federal habeas procedure and calculating statutes of limitations are tasks normally and properly performed by trained counsel as a matter of course." Id. at 231-32.

The dismissal in this case was entered well before the expiration of the statute of limitations, and there is no indication that petitioner attempted to return to state court to exhaust his remaining claims or was subsequently barred from resubmitting his petition. Moreover, both the motion to dismiss and the order of dismissal cited Rose, and petitioner does not now claim that he was unaware of his options under Rose. While, as we have previously stated, it is the "wiser practice" for district courts to advise a petitioner who has filed a mixed petition that he has the option to abandon unexhausted claims and proceed on exhausted claims only, Neverson, 366 F.3d at 43, and we continue to recommend that courts do so, we do not think that Rhines requires us to hold, under the particular circumstances presented here, that the district court's failure to do so amounted to prejudicial error. Similarly, while it would have been preferable for the district court to expressly state that the dismissal was without prejudice to refiling a petition containing only exhausted claims, its citation to Rose was sufficient to signal that the dismissal was without prejudice.

Accordingly, the judgment of the district court is affirmed. See 1st Cir. Loc. R. 27(c).

By the Court:

Richard Cushing Donovan, Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

Richard Cushing Donovan, Clerk

*[signature]*
Deputy Clerk

Date: OCT 25 2006

**MARGARET CARTER**

By: _____
Chief Deputy Clerk.

[cc: Mr. Garner and Ms. McLaughlin]